IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARIK LENNOX ROBERTS, | : | |
| Petitioner, | : | 1:20-cv-1894 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN GREGORY BRIGGS, | : | |
| Respondent. | : | |

**MEMORANDUM**

**January 28, 2021**

On October 14, 2020, Petitioner Tarik Lennox Roberts ("Roberts"), a pretrial detainee confined at the Dauphin County Prison, Harrisburg, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the "Magistrate's decision to hold a preliminary arraignment and a preliminary hearing on a faulty charging instrument." (Doc. 1, p. 2). He also complains that he has no access to adequate legal material in violation of the Eleventh Amendment. (*Id.* at 7). He is requesting that the criminal case be dismissed with prejudice. (*Id.* at 8).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

permits application of rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241. A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Preliminary review reveals that the petition is subject to summary dismissal.

## I.  BACKGROUND

Petitioner asserts that on November 10, 2019, a faulty criminal indictment was handed down and that the magistrate judge proceeded with a preliminary arraignment and preliminary hearing with charging documents accompanied by an inaccurate affidavit of probable cause and bearing the wrong criminal complaint number. (Doc. 1, p. 7).

He also claims that he did not have access to adequate legal material while housed at the Dauphin County Prison. (*Id.*).

An electronic search of the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/DocketSheets/CP.aspx, indicates that the action Roberts is challenging is pending in the Court of Common Pleas of Dauphin County and bears docket number CP-22-CR-5956-2019. Review of the docket reveals multiple motions to continue his appearance in "Plea Court" with notes

indicating "Plea Court Continued - Defendant Not Ready – Defense Attorney." Most recently, on September 30, 2020 and December 23, 2020, the docket indicates that the case has been "continued to trial term."

## II.     DISCUSSION

Because Roberts is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *See Glazewski v. United States*, No. CV 16-3052 (RBK), 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) collecting the following cases: "*See Thomas v. New Jersey*, No. 16–1436, 2016 WL 345701, at *1 (D.N.J. June 20, 2016) (construing habeas petition that was filed under § 2254 as one that is filed under § 2241 because petitioner is a state pretrial detainee); *Smith v. Pennsylvania State Attorney Gen.*, No. 11–1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a pretrial detainee, petitioner was not in custody pursuant to a state court judgment and could not proceed under § 2254, but could proceed under § 2241), report and recommendation Case 3:17-cv-01465-2 adopted, 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011); *Avila v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept. 6, 2007)." Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441– 42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010)

(stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670

4

(3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the state court electronic docket sheet and the petition that Roberts in engaged in ongoing criminal proceedings which implicate important state interests and is actively engaged in defense of those proceedings. At present, the matter is scheduled to proceed to trial. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court on this issue. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition and Roberts' invitation to dismiss the criminal complaint against him. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal

5

proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

### B.     Civil Rights Claim

Roberts includes a civil rights claim in his habeas petitions.  "[H]abeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).  When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  *See Leamer*, 288 F.3d at 540.  "Habeas corpus is not an appropriate or available federal remedy."  *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

The claim for which he seeks to impose liability due to the deprivation of adequate access to a law library is erroneously included in his petition for writ of habeas corpus as it does not involve a challenge to the legality of his present

incarceration. Consequently, the claim will be dismissed without prejudice to his right to reassert it in a properly filed civil rights action.

## III. **CONCLUSION**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

A separate Order will enter.